UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MOHAMED SALAMI,

                                                 Civ. Action #:

                Plaintiff,

                                               **COMPLAINT**

   -against-

B S D FOOD, LLC d/b/a BAGEL D'LOX and         Jury Trial Demanded
NELSON BUCHINGER

                                      Defendants.
-----------------------------------------------------------------x

       Plaintiff, Mohamed Salami, by and through his attorneys KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C., complaining of B S D Food, LLC d/b/a Bagel D'Lox and Nelson Buchinger (collectively referred to as "Defendants"), alleges as follows:

## **NATURE OF THE ACTION**

1.     Plaintiff alleges that his has been employed by Defendants and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that he is (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid for all overtime hours worked and/or at an overtime rate of 1.5 times their regular rate for such hours over forty a week and (ii) entitled to liquidated damages and attorneys' fees pursuant to the FLSA, 29 U.S.C. § 201 et seq. including 29 U.S.C. § 216(b).

2.     Plaintiff further alleges that pursuant to New York Labor Law ("NYLL"), that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid for all overtime hours worked and/or at an overtime rate of 1.5 times their regular rate for such hours over forty a week and (ii) entitled to liquidated damages and attorneys'

1

fees pursuant to NYLL §§ 650 et seq. and the regulations thereunder, including 12 NYCRR § 142-2.2.

3. Plaintiff further alleges that he is entitled compensation for not receiving notices and statements required by NYLL § 195, under Article 6 of the NYLL, and liquidated damages and attorneys' fees pursuant to Section 198 of the NYLL.

4. Plaintiff further alleges that pursuant to NYLL § 215 and 29 U.S.C. § 215(a)(3) he is entitled to damages, as Defendants subjected him to an adverse employment action, namely termination, in retaliation for his internal complaint of a labor law and FLSA violation.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, this Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216(b).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201-02.

## THE PARTIES

1. At all relevant times, Plaintiff, Mohamed Salami, was and is an adult who resides in Rockland County, New York.

2. At all relevant times, Defendant B S D Food, LLC d/b/a Bagel D'Lox ("BSD Food") was and is a domestic business corporation with a principle place of business at 421 NY-59, Monsey, NY 10952. BSD Food operates a restaurant located at the same address.

3. At all relevant times, BSD Food was owned, controlled, and managed by Defendant Nelson Buchinger ("Buchinger").

4. Buchinger was also responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions.

5. Upon information and belief, at all relevant times, Defendants transacted commerce and business in excess of $500,000 annually or had gross revenues in excess of $500,000 annually.

## FACTUAL BACKGROUND

### Background Information

6. In or around October 2018, Plaintiff was hired by Defendants as a cashier, to perform work for BSD Food located at 421 NY-59, Monsey, NY 10952.

7. At all times relevant herein, Plaintiff was employed individually and/or jointly by Defendants.

8. At all relevant times herein, Defendants were involved in the operation of a deli/restaurant.

9. Throughout Plaintiff's employment with Defendants, at all relevant times herein, Defendant paid Plaintiff on an hourly basis.

10. At all relevant times, Defendant BSD Food was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendant BSD Food.

12. At all relevant times, Defendants knowingly failed to fully pay Plaintiff overtime compensation in contravention of the FLSA and NYLL.

13. Additionally, Defendants did not provide Plaintiff with wage theft notices or a set rate of pay for a substantial amount of his time working for Defendants.

14. Plaintiff has satisfied all conditions precedent to the institution of his action, or such conditions have been waived.

15. Plaintiff continued to work for Defendants in such capacity until April 3, 2020.

16. In his employment for Defendants, Plaintiff's duties included performing cashier duties. Plaintiff lacked any managerial duties and had no authority to hire, fire, or discipline any other employees.

**Wage Violations**

17. Defendants failed to provide Plaintiff with wage theft notices or a set rate of pay, as required by the NYLL.

18. During his employment, Plaintiff routinely worked more than 40 hours per workweek.

19. Beginning in 2018, Plaintiff, almost without exception, worked Sunday through Friday, from approximately 6:00 am to 3:00 pm (9 hours/day), totaling on average 54 hours per week.

20. Plaintiff was compensated $12.00 per hour for every hour worked in 2018.

21. Defendants failed to compensate Plaintiff at a rate of time-and-a-half for any overtime hours worked.

22. In November 2019, Plaintiff received a raise to $13.00/hour.

23. Plaintiff continued to work the same number of hours per week and still was not paid at time-and-a-half for any overtime hours worked.

24. Defendants knowingly and willfully operated its business with a policy of not paying Plaintiff either the FLSA overtime rate or the New York State overtime rate, in direct violation of the FLSA and NYLL and the supporting federal and New York State department of Labor Regulations.

25. Defendants willfully failed to keep appropriate payroll records as required by the NYLL and FLSA.

26. Defendants willfully failed to post notices of the minimum wage and overtime wages requirements in a conspicuous place at the location of their employment as required by the NYLL and FLSA.

27. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient time records.

**Retaliation**

28. Throughout his employment for Defendant, Plaintiff requested to be paid pursuant to the law, which would have included all of his hours worked to be evidenced on his paycheck, along with his overtime hours. Plaintiff complained directly to Buchinger about this issue.

29. However, Defendants took no action to pay Plaintiff properly.

30. In April 2020, Plaintiff again spoke with Buchinger and requested to be paid properly, as he was being denied overtime pay.

31. In response to this complaint, Buchinger terminated Plaintiff within the week.

## FIRST CAUSE OF ACTION
## FLSA – Violation of the Fair Labor Standards Act

32. Plaintiff realleges and incorporates all allegations in all preceding paragraphs.

33. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

34. Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

35. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

36. Plaintiff was entitled to be paid at the rate of time and one-half for all hours worked in excess of 40 working hours per week.

37. Defendants failed, and willfully failed, to pay Plaintiff overtime compensation at the lawful rate, in violation of 29 U.S.C. § 207.

38. Defendants failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

39. Alternatively, records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff is in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

40. Plaintiff is entitled to liquidated damages pursuant to the FLSA.

41. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs, and expenses, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### NYLL – Violation of the New York Labor Law

42. Plaintiff realleges and incorporates all allegations in all preceding paragraphs.

43. At all relevant times, Defendants employed Plaintiff within the meaning of the NYLL §§ 2 and 651 and the regulations thereunder including NYCRR § 142.

44. Defendants knowingly and willfully failed to pay Plaintiff overtime compensation at rates of not less than one and one-half times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

45. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, and reasonable attorneys' fees, costs, and disbursements relating to this action, pursuant to New York Department of Labor Regulations § 142.2-4.

46. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

47. Defendants also willfully disregarded and purposefully evaded record keeping requirements of the NYLL by failing to maintain accurate and complete timesheets and payroll records.

## THIRD CAUSE OF ACTION
### NYLL - Statutory Penalties Pursuant to the NYS Wage Theft Prevention Act

48. Plaintiff realleges and incorporates all allegations in all preceding paragraphs.

49. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

50. Plaintiff was not provided with a proper wage notice at times during his employment, as required by law.

51. Defendants failed at times to supply Plaintiff with a notice as required by N.Y. Lab. Law § 195, in English or in the language identified by them as their primary language, containing their rate or rates of pay and basis thereof, whether paid by the hour, shift, day week, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with N.Y. Lab. Law § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's man office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

52. Defendants failed at times to supply Plaintiff with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

53. Due to Defendants' violations of N.Y. Lab. Law § 195, Plaintiff is entitled to damages of $50 for each workweek that Defendants failed to provide a wage notice, or a total of $2,500, damages of $100 for each workweek that Defendants failed to provide accurate wage statements, or a total of $2,500, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

## FOURTH CAUSE OF ACTION
### NYLL – Retaliation

54. Plaintiff realleges and incorporates all allegations in all preceding paragraphs.

55. NYLL § 215 prohibits retaliation against individuals who complain about conduct in violation of the NYLL.

56. Defendants violated the NYLL by terminating Plaintiff in retaliation for him engaging in the protected activity of complaining of NYLL violations internally.

57. The foregoing conduct constitutes a willful violation of the NYLL.

58. Defendants' violations of the NYLL have significantly damaged Plaintiff and entitles him to recover his damages, an additional amount in liquidated damages, and attorneys' fees and costs.

## FIFTH CAUSE OF ACTION
### FLSA – Retaliation

59. Plaintiff realleges and incorporates all allegations in all preceding paragraphs.

60. 29 U.S.C. § 215(a)(3) prohibits retaliation against individuals who complain about conduct in violation of the FLSA.

61. Defendants violated the FLSA by terminating Plaintiff in retaliation for him engaging in the protected activity of complaining of FLSA violations internally.

62. The foregoing conduct constitutes a willful violation of the FLSA.

63. Defendants' violations of the FLSA have significantly damaged Plaintiff and entitles him to recover his damages, an additional amount in liquidated damages, and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff seeks the following relief:

A. Award Plaintiff his unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees, pursuant to 29 U.S.C. § 216(b);

B. Award Plaintiff his unpaid overtime wages due under the NYLL, together with maximum liquidated damages, costs and attorneys' fees, pursuant to NYLL § 198;

C. Award Plaintiff compensatory damages for mental and emotional injury, distress, pain and suffering, and injury to his reputation in an amount to be proven;

D. Pre-judgment interest and post-judgment interest as provided by law;

E. Attorneys' fees and costs of the action;

F. Statutory damages, as provided by the N.Y. Lab. Law § 198, for Defendants' violations of the notice and recordkeeping requirements pursuant to N.Y. Lab. Law § 195;

G. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices;

H. Issuance of a declaratory judgment that the practices complained of in this action are unlawful under N.Y. Lab. Law § 198 *et seq.*;

I. Such other relief as this Court shall deem just and proper.

Dated: Chestnut Ridge, New York
       March 30, 2021

                                        Respectfully submitted,

                                        **KANTROWITZ, GOLDHAMER**
                                        **& GRAIFMAN, P.C.**

                                        _/s/ Sam B. Smith_____
                                        Sam B. Smith, Esq.
                                        Randy J. Perlmutter, Esq.
                                        747 Chestnut Ridge Road, Suite 200
                                        Chestnut Ridge, New York 10977
                                        Tel: (845) 356-2570
                                        ssmith@kgglaw.com
                                        *Attorneys for Plaintiff*